**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Leonard Pivnick,

        Plaintiff,

  v.

White, Getgey & Meyer Co., LPA., et al.,

        Defendants.

Case No. 1:05cv580

Judge Michael R. Barrett

## ORDER

This matter is before this Court pursuant to Plaintiff's motion for judgment notwithstanding the verdict of the jury (Doc. 95). Defendants responded (Doc. 98) to which Plaintiff replied (Doc. 99).

The trial in this matter was held on September 12 - 14, 2007. The jury found for the Defendants. Plaintiff now asks this Court to set aside that verdict arguing that the notice provisions of K.R.S. 355.9-504 had not been met. Plaintiff cites to *Ford Motor Credit Co. v. Hall*, 879 S.W.29 487 (Ky. Ct. App. 1994) and *United States v. Willis*, 593 F.2d 247 (6th Cir. 1979) for the proposition that the Uniform Commercial Code fails to define the difference between a public sale and a private sale, and that a secured party does not have absolute discretion in choosing between a public and private sale, respectively. It appears from Plaintiff's brief that he is arguing that a public sale should have occurred instead of a private sale and/or that the notice Plaintiff received needed to include the method, manner, time, place and terms of the sale.

The Court can not make that leap. During the relevant time period, K.R.S. 355.9-504(3) specifically stated:

> Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, * * *.

The choice to conduct a public sale or private sale is one that fell on the secured party. In this case, evidence was presented that Plaintiff won the horse at auction for $410,000 in August, 1997 and that after Plaintiff defaulted the secured party sold the horse at a private sale for $375,000 in November, 1997. The fact that the horse, after it was broken, trained and timed by the subsequent purchaser, later sold at public auction for much more money does not make the private sale commercially unreasonable.

This case is distinguishable from *United States v. Willis*, 593 F.2d 247 (6th Cir. 1979). In that case, the government had received firm, outstanding offers of $200,000 and $210,000 respectively for the collateral but instead chose to sell the collateral at a public sale in which the auctioneer hired to conduct the sale provided an estimate of only $45,000 for the same collateral. The Sixth Circuit found that the government's choice of a public sale rather than a private sale was itself unreasonable. In this matter, there was no evidence presented to the jury to support the contention that the horse, in its current condition, would have received a much higher price at auction.

Thus, since the Court has found that a private sale was reasonable, the notice provisions of K.R.S. 355.9-504(3) are limited to a "reasonable notification of the time after

which any private sale or other intended disposition is to be made." Evidence presented at trial indicated that Plaintiff received a letter, dated September 5, 1997, expressly providing that Plaintiff had until September 18, 1997 to cure his default or the secured party would proceed under the Conditions of Sale, "including taking possession of the horse for the purpose of resale, either at public auction or private treaty." This letter provided the required notification. Thus, Plaintiff's motion is hereby DENIED.[1]

**IT IS SO ORDERED.**

                                              s/Michael R. Barrett
                                              Michael R. Barrett, Judge
                                              United States District Court

---

[1] Defendants raise several other arguments in their response to Plaintiff's motion. Based upon the above holding, the Court finds those arguments to be moot and will not specifically address them herein.